Joseph A. Cox, S.
Two instruments, each dated May 7,1959, have been offered for probate as the last will of the decedent. The petition incorrectly alleges that on that date the decedent executed his will “ in duplicate ” when the fact is that the two instruments then executed are quite different in text. One instrument disposes of the entire estate to a Miss Lodespoto. The other instrument bequeaths the decedent’s interests in a corporation to Miss Lodespoto and this instrument also contains the following statement: ‘ ‘ My reason for not willing my estate to my children is that my children have been amply provided for and I feel certain that if they were ever in need of assistance, Miss Lodespoto would assist them.” Each of the instruments is on a printed stationer’s form and each contains, as part of the printed matter, a revocation clause.
*260 Objections to probate, interposed by decedent’s children, were in a form to raise issues as to execution of the propounded instrument, the testamentary capacity of the testator and undue influence. The proof at the trial was that each instrument was executed in conformity with statutory requirements. Because both instruments were executed as part of a single transaction, the witnesses were unable to state which instrument was first executed. Their inability to establish the order in which the instruments were executed is explained by the fact that the witnesses were not aware of the contents of the instrumnts and, no distinction between the papers having been made by the testator, the witnesses lacked any means of fixing the chronology of signing the two papers.
Despite the extent of the charges contained in the objections to probate, it developed on the trial that the real challenges to probate were based upon a claim of lack of due execution and a contention that, since each instrument contained a revocation clause, each revoked the other or, in any event, the instruments were so repugnant as to require denial of probate to both. The charge of defective execution was met and no evidence was offered in support of the objections which alleged fraud and undue influence. The court was satisfied that each instrument was duly executed, that the testator possessed testamentary capacity and that he was free from restraint at the time he executed the propounded instruments and the court dismissed all of the objections to probate.
Obviously if information were existent as to the order in which these instruments were signed, it could be contended that, by executing an instrument containing a revocation clause, the testator thereby revoked every earlier testamentary instrument. The information to support such a contention is here lacking and it would seem that, when two instruments are executed in a single transaction and, for all practical purposes, simultaneously, a determination as to the validity of such instruments upon the basis of revocation clauses contained in printed forms could be based only upon a highly technical approach to the problem and one most inappropriate in a search for the intention of a lay draftsman.
Conjecture as to the testator’s motive in executing these two papers leads nowhere. He may have executed the two instruments with the thought of later revoking one of them, he may not have realized the full significance of executing two instruments or he may have had some purpose which today is not discoverable but, since we do not know his purpose, it is not our prerogative to surmise.
*261 The two instruments having been executed with due formality by a competent testator in a manner which, for all practical purposes, must be regarded as a simultaneous act, both instruments are admitted to probate. The instruments are different in that one disposes of the whole estate while the other disposes of only a portion of the estate but such dispositions are not in conflict by reason of being contradictory. The legatee of the entire estate, which necessarily would include the lesser interest, is the only legatee named in either instrument. The disposition of the entire estate in one instrument was an effective disinheritance of the testator’s distributees and, consistent with this, the testator stated in the other instrument that he was not making provision for his distributees. While the latter instrument by failing to make a full disposition of the testator’s estate would create a partial intestacy, if standing alone, such a result would be contrary to the testator’s purpose as expressed in that very instrument. Bead together, the two instruments do make a complete disposition of the estate. If the complete instrument is considered first, it leaves nothing undisposed of and the second instrument does not in anywise alter such disposition. If the instrument which lacks a complete disposition is considered first, any omission or deficiency is supplied by the second instrument which, by disposing of all assets, includes the gift in the first instrument. Accordingly the two instruments are considered as bequeathing the entire estate to Miss Lodespoto.